Requestor: Richard L. Gumo, Esq., Village Attorney Village of Malverne 99 Church Street Malverne, N Y 11565-1726
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have requested an opinion concerning licensed architects who serve on the village board of zoning appeals.
You have indicated that under village zoning regulations application to modify existing buildings or for approval of new construction are submitted to the building department and are reviewed by the building inspector in accordance with State and local codes. If an application is denied, an appeal may be taken to the board of zoning appeals or to the village board of trustees in the event the project requires a special exception. The board of zoning appeals has authority to approve or disapprove applications or to grant conditional relief. You state that licensed architects have been appointed to the board of zoning appeals and that these architects have represented, or may in the future represent, applicants in the initial application process before the building department. The architects would be employed by the applicant to prepare plans for construction and represent them before the building department.
You have asked whether it is proper for these architects to serve on the board of zoning appeals, provided that they disclose their relationship with the applicant and recuse themselves from participating on the board of zoning appeals with respect to the application on appeal.
First, we note that a municipal officer or employee may not receive or enter into any agreement for compensation for services to be rendered in relation to any matter before any municipal agency of which he is an officer, member or employee. General Municipal Law §805(a)(1)(c). Further, it obviously is inappropriate for the architect to perform services for the village that involve the review of his or her own work in the private sector. Review of such an application would create an egregious conflict of interest. Further, we believe that architects serving on the board of zoning appeals should not represent applicants in the initial application process before the building department. In representing applicants, the architect is creating the possibility of conflicts of interests, which are not unlikely to occur. A public official should not take actions which would place him or herself in a position where recusals would likely be required.
Second, you ask whether it is proper, as a condition of their appointment to the board of zoning appeals, that architects agree to a prohibition from accepting employment to design plans which may ultimately come before the board of zoning appeals. We believe that the municipality may place such a condition on appointment to the board of zoning appeals. The development of ethics standards defining when private employment is in conflict with the official duties of a local government officer or employee has been granted to the governing body of the municipality.Id., § 806(1). Municipalities are required to adopt a code of ethics which must include these and other standards. A code of ethics may provide for the prohibition of conduct in violation of ethics standards. Thus, it seems clear that the village may include as part of its code of ethics, or by local law (see Municipal Home Rule Law § 10), restrictions on the private employment of architects seeking to become members of the board of zoning appeals.
We conclude that architects serving on a board of zoning appeals should not represent persons making their initial application for approval of construction with the building department.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.